UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| CAPURS HALL, | ) |
| | ) |
| Plaintiff, | ) 2:22-CV-78 |
| | ) |
| vs. | ) |
| | ) |
| SANDRA TATE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATIONS**

Plaintiff has filed a pro se Complaint [Doc. 1] and an accompanying Motion [Doc. 4] in which he asks to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

I.   *IN FORMA PAUPERIS* **MOTION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342. An affidavit to proceed *in forma pauperis*

is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Motion to Proceed *in forma pauperis* [Doc. 4] is **GRANTED**. Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding month's income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time for reasons stated below.**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must also screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999); s*ee also Neitzke*, 490 U.S. 319. The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

"governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court now undertakes its role in screening Plaintiff's Complaint [Doc. 1].

## II.  FACTUAL ALLEGATIONS

Plaintiff filed his Complaint on June 29, 2022. [Doc. 1]. Therein, Plaintiff alleges that a capias[1] was issued for his arrest on May 13, 2020, in Sullivan County, Tennessee. *Id.* at 6. Plaintiff claims the capias was invalid and a "fraudulent misrepresentation" because it was signed by Defendant Sandra Tate, as Deputy Clerk of Court, rather than a judge. *Id.* Plaintiff alleges that due to this misrepresentation, he "has been subjected to false arrest, false imprisonment, deprivation of rights, intentional infliction of emotional distress, civil rights violations, United States Const. Amendment 4 and 14 [sic.]." *Id.* at 7. Additionally, he describes events leading to his arrest which appear to arise from the same set of facts Plaintiff asserted in *Hall v. Necessary, et al.*, No. 2:21-CV-131-TRM-CRW, filed on August 30, 2021. That case was dismissed with prejudice on May 18, 2022. *Id.* at [Doc. 23]. Plaintiff asserts that he is entitled to proceed with the instant action because during the pendency of litigation in his prior case, he learned of new information which serves as the basis for this lawsuit. [Doc. 1, p. 4].

---

[1] At various times throughout the Complaint, Plaintiff refers to the document at issue [Doc. 1-1] as a capias, a bench warrant, or a capias and/or bench warrant. The Court will refer to the document as a "capias" for efficiency except when quoting portions of the record where the document is referred to by both names.

Plaintiff contends that on April 26, 2022, a defendant in *Hall v. Necessary, et al.* filed a motion for summary judgment and a declaration of Bobby Russell, Sandra Tate, and Teresa Necessary.[2] *Id.* In that declaration, Mr. Russell references a "Capias/Bench Warrant" issued by Sandra Tate "for the arrest of Plaintiff as alleged by Plaintiff". [Doc. 1-2, p. 7]. The declaration further states that Judge William K. Rogers ordered that a capias be issued for the arrest of Plaintiff. *Id.* at 8. Plaintiff appears to allege that Defendant Tate issued a capias for his arrest without authority. [Doc. 1, p. 5-7]. Plaintiff asserts without reference to any legal support, that "no one has the authority to sign a warrant [and/or] capias that a judge issues. When a warrant [and/or] capias is signed by anyone but the issuing judge, that document becomes invalid[.]" *Id.* at 7. Plaintiff attaches a document titled "Capias/Bench Warrant" which directs a law officer of Sullivan County to bring Plaintiff before the court. [Doc. 1-1]. The document is signed by Defendant Tate with her title listed as "Deputy Clerk", and it was issued on May 13, 2020, and returned on May 28, 2020. *Id.* Another document shows that Plaintiff was incarcerated in the Sullivan County Correctional Facility on May 28, 2020. [Doc. 1-2, p. 3]. Plaintiff has now sued Defendants Sandra Tate, the Sullivan County Criminal Court Clerk's Office, and Sullivan County, Tennessee for various violations of his civil rights. [Doc. 1, p. 1]. He requests awards of compensatory damages, punitive damages, and other damages. *Id.* at 11.

III. **LEGAL ANALYSIS**

   a. ***Leniency afforded to pro se litigants***

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

---

[2] A copy of the declaration is included as an attachment to the Complaint. [Doc. 1-2, p. 6]. The attached document is only a declaration of Bobby Russell, Sullivan County Circuit Court Clerk, with references to Sandra Tate and Teresa Necessary, who work for Mr. Russell as Deputy Clerks. *Id.*

1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). This being the case, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

### b. *Res Judicata and Statute of limitations*

As an initial matter, it appears that the claims Plaintiff asserted in his prior action are based upon the same facts alleged in this action. Under "the doctrine of *res judicata, '*a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). For *res judicata* to apply as a bar to a subsequent action, there must have been "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* (quoting *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 880 (6th Cir. 1997). Identity of causes of action exists if there is "factual overlap" between

the claims. *Trustees of Operating Engineers Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 384 (6th Cir. 2019) (internal citations omitted).

Here, a final decision was made on the merits as to all of Plaintiff's claims asserted in *Hall v. Necessary, et al*. *See* No. 2:21-CV-131-TRM-CRW, at [Docs. 12, 23]. In that lawsuit, Plaintiff named all defendants who are named in this action as well. Because all claims asserted here arise out of the same set of operative facts as those set forth in *Hall v. Necessary, et al.*, these claims were or should have been litigated in the prior action. *See Bragg v. Flint Bd. of Educ.,* 570 F.3d at 775.

The Court further notes that the declaration of Bobby Russell, which Plaintiff claims presents new evidence and provides the basis for this lawsuit, was filed along with a motion for summary judgment in *Hall v. Necessary, et al.* on April 26, 2022. Plaintiff never filed a response to that motion nor sought to amend his complaint in that case. An order dismissing his case was then filed on May 18, 2022, three weeks after the motion for summary judgment was filed. Given this procedural history, Plaintiff knew or should have known about the information in Bobby Russell's declaration and could have either responded to the summary judgment motion or sought to amend his complaint to assert his claim that the capias was executed improperly.

Finally, the fundamental issue presented by Plaintiff here and in his prior action is that he asserts he was falsely arrested and falsely imprisoned because of the actions of Sullivan County Criminal Court employees. In his prior action, he asserted that Deputy Clerks Teresa Necessary and Sandra Tate issued bench warrants for his arrest, and his bail was set at what he alleged was a disproportionately high amount because of an unlawful pattern and practice of Sullivan County of setting high bail amounts for Black defendants. He now contends that the capias issued by Sandra Tate was issued without authority. While these claims present slightly different legal issues, they

arise from the same set of facts, namely, the capias issued by Sandra Tate. As such, the Court finds that the doctrine of *res judicata* applies and recommends that Plaintiff's claims be dismissed for that reason.

The Court further observes that even if it had not found Plaintiff's claims to be barred by the doctrine of *res judicata,* the Court would find that Plaintiff has failed to state a claim for relief. He claims that his constitutional rights have been violated by Defendant Tate issuing a capias for his arrest without authority. However, under Tennessee law, clerks are explicitly permitted to issue a capias for an indicted defendant "(1) who is not in actual custody; (2) who has not been released on recognizance or bail; or (3) whose bail has been declared forfeited." Tenn. R. Crim. P. 9. In this case, it appears that Plaintiff was not in actual custody at the time Defendant Tate issued the capias. Specifically, the record shows that the capias was issued on May 13, 2020, and Plaintiff was then incarcerated on May 28, 2020. Further, Plaintiff has failed to demonstrate that facts existed when the capias was issued that would have prevented the clerk from issuing it under the applicable statute. Rather, he makes the conclusory allegation that clerks are never allowed to issue a capias, a position which is contrary to Tennessee law. Accordingly, the Court finds that Defendant Tate had authority to issue the capias at issue. As such, Plaintiff has failed to present a colorable claim that his rights were violated by any named defendant.

### IV. CONCLUSION

For reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 1] be **DISMISSED** because his claims are barred by *res judicata* or, alternatively, because he has failed to state a claim on which relief may be granted. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a

district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

        **SO ORDERED AND RESPECTFULLY SUBMITTED:**

                                      /s/Cynthia Richardson Wyrick
                                      United States Magistrate Judge

---

[3] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).