UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CAPURS HALL,                          )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )          No. 2:22–CV–78
                                      )
SANDRA TATE, *et al.*,                )
                                      )
          Defendants.                 )

## ORDER

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated September 9, 2023. [Doc. 13]. In that Report and Recommendation, the Magistrate Judge recommends that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 4] be granted. [Doc. 13, at 2]. The Magistrate Judge further recommends that Plaintiff's Complaint [Doc. 1] be dismissed based on both *res judicata* and Plaintiff's failure to state a claim upon which relief can be granted. [Doc. 13, at 5–7]. Plaintiff filed Objections to the Report and Recommendation. [Doc. 14]. For the foregoing reasons, Plaintiff's Objections are **OVERRULED**, and the Report and Recommendation [Doc. 14] is **ADOPTED** and **APPROVED**.

## I.      BACKGROUND

In August 2021, Plaintiff filed a Complaint (the "2021 Complaint") against Sullivan County and various county officials, including Sandra Tate, the Sullivan County Clerk's Office, and Sullivan County, Tennessee ("Defendants"), the named defendants in the present case. [Doc. 2 in Case No. 2:21-CV-131]. The 2021 Complaint concerned two capiases executed on May 13, 2020, and February 3, 2021, and conduct stemming from execution of those writs. [*Id.* at 4]. Specifically, the 2021 Complaint alleged that Deputy Clerk Sandra Tate unlawfully issued the May

13, 2020, capias, and Deputy Clerk Teresa Necessary unlawfully issued the February 3, 2021, capias leading to his unlawful arrest on both occasions. [*Id.*]. Plaintiff further alleged that the bail practices in Sullivan County were unconstitutional, and that he was subject to excessive bail amounts after his arrests based on discriminatory conduct. [*Id.* at 4–8]. Plaintiff sought compensatory and punitive damages. [*Id.* at 11].

Upon Report and Recommendation of the Magistrate Judge, all claims in the 2021 Complaint were dismissed except for those against the Sullivan County Criminal Court Clerk's Office. [*See* Doc. 12 in Case No. 2:21-CV-131]. The Sullivan County Criminal Court Clerk's Office subsequently filed a Motion for Summary Judgment and attached the declarations of Sullivan County Circuit Court Clerk Bobby Russell, Sullivan County Circuit Court Deputy Clerk Teresa Necessary, and Sullivan County Circuit Court Deputy Clerk Sandra Tate. Facts set forth in these declarations form the basis for Plaintiff's present suit. [*See* Docs. 20-2; 20-4; 20-6 in Case No. 2:21-CV-131]. In relevant part, the declarations explain that on May 13, 2020, Deputy Clerk Tate issued a "Capias/Bench Warrant" for the arrest of Plaintiff, but that Plaintiff's bail amount was set by Sullivan County Criminal Court Judge William K. Rogers, not Deputy Clerk Tate. [Docs. 20-2, at 2; 20-4, at 1 in Case No. 2:21-CV-131]. The declarations further state that the May 13, 2020, capias was issued pursuant to the order of Judge Rogers. [Docs. 20-2, at 3, 20-4, at 2 in Case No. 2:21-CV-131]. Plaintiff did not respond to the Motion for Summary Judgment, and the Court granted summary judgment to the Sullivan County Criminal Court Clerk's Office in May 2022. [Doc. 23 in Case No. 2:21-CV-131].

Plaintiff filed his Complaint in this action on June 29, 2022. [Doc. 1]. The Complaint alleges that "Tennessee Rule of Criminal Procedure 4(c)(1)(A) states that court clerks are only authorized to issue bench warrants for failure to appear." [*Id.* at 5]. Specifically, Plaintiff claims

that the May 13, 2020, capias was issued "willfully, unlawfully, illegally, and with gross negligence," because "no one has the authority to sign a warrant and[/]or capias that a Judge issues, [and] when a warrant and[/]or capias is signed by anyone but the issuing judge that document becomes [invalid.]" [*Id.* at 6–7]. Plaintiff further alleges in his Complaint that Detective Chad Jesse of the Kingsport Police Department illegally stopped and arrested him as a result of the May 13, 2020, warrant. [*Id.* at 7]. Plaintiff states that he has been "subjected to false arrest, false imprisonment, deprivation of rights, intentional infliction of emotional distress, [and] civil rights violations," and seeks compensatory and punitive damages. [*Id.* at 7, 11].

In September 2023, the Magistrate Judge filed a Report and Recommendation recommending that Plaintiff's Complaint be dismissed on the basis of *res judicata* and failure to state a claim. [*See* Doc. 13]. Plaintiff filed Objections to the Report and Recommendation, arguing that "the fact that the Defendants are the same does not make the cases the same." [Doc. 14, at 2]. He further objects because he believes "both clerks in [their] own words . . . stated that they did not and they don't issue capias in Sullivan County, Tennessee," but the instead the "docket shows that Judge Rogers issued capias." [*Id.*]. Defendant cites Rule 9(a) of the Tennessee Rules of Criminal Procedure. He admits it is "true" that Rule 9(a) states that the clerk shall issue a capias or criminal summons for each defendant named in an indictment, but he argues that Judge Rogers, not Defendant Tate, issued the May 13, 2020, capias, which is procedural error. [*Id.* at 2–3].[1]

## II. LEGAL STANDARD

### a. *Res Judicata*

Under "the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by

---

[1] Deputy Clerk Teresa Necessary, who issued the February 3, 2021, capias, is not a named defendant in this action.

parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).  For *res judicata* to apply as a bar to a subsequent action, there must have been "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* (quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). Identity of the causes of action exists if there is "factual overlap" between the claims. *See Trustees of Operating Engineers Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383–84 (6th Cir. 2019) (internal citations omitted).

### b.  Tennessee Rules of Criminal Procedure

Tennessee Rule of Criminal Procedure 9(a) states that "[a]fter the grand jury returns an indictment or presentment, the clerk shall issue a capias or a criminal summons for each defendant named in the indictment or presentment: (1) who is not in actual custody; (2) who has not been released on recognizance or bail; or (3) whose bail has been declared forfeited." The capias shall "be in the same form as an arrest warrant" and "signed by the clerk." Tenn. R. Crim. P. 9(b).

### III.   ANALYSIS

### a.  Defendant's Objection Related to Recurring Defendants

Plaintiff's first ground of objection is that the Magistrate Judge has improperly applied *res judicata* solely because his Complaint is against the Defendants, who were also named in the 2021 Complaint. This objection misunderstands the Magistrate Judge's application of *res judicata*, which requires four different factors to be met, only one of which is an overlap between parties. Plaintiff's 2021 Complaint contained allegations that he was discriminated against and unlawfully

arrested, in part through Sullivan County's allegedly unlawful procedures for issuing capias and the way in which his bond was set. With respect to Plaintiff's allegations related to a false or discriminatory arrest Detective Jesse made after issuance of the May 13, 2020, capias, those allegations have a "factual overlap" with the facts giving rise to the 2021 Complaint and should have been litigated in the prior action. Further, Plaintiff learned the remainder of the facts alleged in his Complaint through a summary judgment motion filed in Case No. 2:21-CV-131. Plaintiff did not address or respond to that motion, and a final judgment was entered in that case after summary judgment was granted in favor of the remaining defendant. [*See* Doc. 24 in Case No. 2:21-CV-131]. Accordingly, the allegations contained in the Complaint are clearly barred by the doctrine of *res judicata*. The Court finds no error in the Magistrate Judge's Report and Recommendation on this issue, and Plaintiff's objection is **OVERRULED**.

### b. Defendant's Objection Related to Legitimacy of Issued Capias

Plaintiff appears to have abandoned his initial position that capias signed by a clerk is invalid. Instead, he argues that Judge Rogers, not Defendant Tate, issued the relevant capias writ, which he states is unlawful. Plaintiff's contention that Sullivan County Circuit Court Clerk Bobby Russell and Deputy Clerks Sandra Tate and Teresa Necessary "stated in their own words" that they "did not and don't issue capias" is not accurate. [Doc. 14, at 2]. The declarations of all three clerks state that Defendant Tate and Teresa Necessary issued the capiases mentioned in the 2021 Complaint. The declarations further set forth that Judge Rogers ordered both capiases be issued and set both bond amounts for Plaintiff, but Judge Rogers did not issue either warrant. It is clear that Defendant Tate and Teresa Necessary issued the May 13, 2020, and February 3, 2021, capiases respectively, because their signatures, not the signature of Judge Rogers, are clearly visible on the warrants. [Doc. 20-3, at 1, 4, in Case No. 2:21-CV-131]. Accordingly, the Court finds no merit in

Plaintiff's argument that Judge Rogers unlawfully issued capias, and Plaintiff's objection on this point is **OVERRULED**.

### IV. CONCLUSION

After consideration of the record as a whole and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein as well as the reasons set forth in this Order, it is hereby **ORDERED** that Plaintiff's Objections [Doc. 14] are **OVERRULED**, the Report and Recommendation [Doc. 13] is **ADOPTED** and **APPROVED**, and that the Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

An appropriate judgment shall enter.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE